IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHNATHON JAY HENRY,

    Plaintiff,

v.                                            CASE NO. 5:12-cv-34-RS-GRJ

OFFICER LIPFORD, et al.,

    Defendants.
_____/

## O R D E R

This case is before the Court on Doc. 35, Plaintiff's Motion for Preliminary Injunction. Plaintiff alleges that Mr. Ralph, the "library representative," is denying him "typing, copying, and envelopes to access the court." (Doc. 35, at 1.) Plaintiff states that he is unable to properly prepare his legal papers "until this situation is rectified." *Id.* Plaintiff requests a hearing on the issue of a preliminary injunction.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997), citing *United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff establish:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury if the injunction were not granted;

    (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

    (4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)*; Carillon Importers, Ltd.,* 112

F.3d at 1126; *United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson County,* 720 F.2d at 1519, citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974).

Plaintiff makes generalized claims that Mr. Ralph's behavior has kept him from being able to fully present his legal arguments. However, he does not allege substantial facts supporting a threat of irreparable injury. Plaintiff is clearly able to prepare documents to submit to the Court, based on the filing of the instant motion and his simultaneously-filed motion for extension of time to respond to Defendants' motion to dismiss. (Doc. 34.) Based on the facts alleged in Plaintiff's motion, he fails to carry his burden of persuasion on any of the four factors warranting injunctive relief. Plaintiff's allegations that Mr. Ralph has prevented him from typing and copying papers are not sufficient to invoke the drastic remedy of a preliminary injunction, especially where Plaintiff asks the Court to direct correctional officials as to the administration of the prison library. Furthermore, to the extent that Plaintiff challenges Mr. Ralph's actions on constitutional grounds, that issue is not before the Court in the instant case.

Finally, to the extent Plaintiff asks the Court to bind non-parties to an order issued by this Court, his motion is flawed. The Defendants in this case are Officer Lipford, Officer Peacock, and Dr. Gordon. (Doc. 16). Plaintiff does not name any of these persons as specifically engaging in the activities he alleges warrant a preliminary injunction. Rule 65(d), which governs motions for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding

only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. P. 65(d).  "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process."  *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted).  This Court must have jurisdiction over a party to adjudicate a claim.  Therefore, the only party identified in the motion, Mr. Ralph, would not be bound by an order issued by this Court.

Accordingly, it is **ORDERED:**

That Plaintiff's Motion for Preliminary Injunction, Doc. 35, is **DENIED.**

**DONE AND ORDERED** this 16th day of October 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge