IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHNATHON JAY HENRY,

    Plaintiff,

v.                                            CASE NO. 5:12-cv-34-RS-GRJ

OFFICER LIPFORD, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion To Dismiss the Second Amended Complaint. (Doc. 33.) Plaintiff has filed a response (Doc. 41), and therefore the motion is ripe for review. For the reasons discussed below, the undersigned recommends that the motion be granted in part and denied in part.

### I. Introduction

In his Second Amended Complaint, Doc. 13, Plaintiff brings claims under 42 U.S.C. § 1983 against Correctional Officer Lipford, Correctional Officer Peacock, and Doctor Gordon, all employees at Jackson Correctional Institution ("Jackson CI") in Malone, Florida.

According to the factual allegations in the Complaint, on the morning of December 16, 2011, Plaintiff had "an altercation" with Officer Lipford regarding Plaintiff declaring a psychiatric emergency. (Doc. 13, at 5.) Plaintiff asserts that he wished to visit the mental health wing. He states that Officer Lipford responded to this request by pepper spraying him for no reason. He further alleges that Officer Lipford claimed that Plaintiff had a noose in his cell, but that Officer Lipford himself placed the noose in his

cell following the pepper spray incident.

Plaintiff brings Eighth Amendment claims against Officer Lipford for pepper spraying him and for placing the noose in his cell. Plaintiff claims that Officer Lipford took these actions in retaliation for complaints that he filed on guard misconduct. Plaintiff seeks $100 per day of "confinement time not justified" and a "judgment against DOC for failure to protect Plaintiff's constitutional rights." (Doc. 13, at 7.)

## II. DEFENDANTS' MOTION TO DISMISS

Defendants contend that dismissal of the complaint—with the exception of the excessive force claim against Defendant Lipford—is warranted on the following grounds: (1) Plaintiff has failed to state a claim against Defendants Peacock and Gordon; (2) Plaintiff has failed to state a claim for conspiracy under federal or state law; and (3) Plaintiff is not entitled to compensatory or punitive damages. (Doc. 22.) Defendants do not challenge Plaintiff's Eighth Amendment excessive force claim against Officer Lipford, which they acknowledge should be permitted to proceed.

## III. STANDARD OF REVIEW

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, . ___U.S. ___, 129 S.Ct. 1937, 1950 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[1]

## IV. DISCUSSION

### *Claims Against Officer Peacock and Doctor Gordon*

Defendants requests dismissal of Plaintiff's claims against Defendants Peacock and Gordon, on the grounds that Plaintiff has alleged no facts in his Second Amended Complaint against these two defendants. The Court agrees that the Second Amended Complaint fails to state a claim against Defendants Peacock and Gordon. The only

---

[1]Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

mention of these two defendants is in Plaintiff's Statement of Claims, in which he states that he will file "separate complaints on Officers [sic] Peacock and Doctor Gordon." (Doc. 13, at 7.) In his response to the motion to dismiss, Plaintiff states that he has indeed filed a separate complaint. (Doc. 41, at 16.) Accordingly, the undersigned recommends that the claims against Defendants Peacock and Gordon should be dismissed.

### *Conspiracy*

Defendants assert that Plaintiff has failed to state a claim for conspiracy to deprive him of his civil rights, under either federal or state law. While Defendants devote some attention to this matter, and Plaintiff asserts in his response that he did intend to bring a claim for conspiracy, Plaintiff has not included a claim for conspiracy in the Second Amended Complaint's Statement of Claims. Insofar as Plaintiff did intend to bring a claim for conspiracy against Officer Lipford with the brief mention in his statement of facts that Officer Lipford "conspired" to place a noose in his cell, Doc. 13 at 5, Plaintiff has failed to state specific facts to support such a claim. Plaintiff has not set forth facts indicating that Officer Lipford conspired with any other individual to place the noose in his cell, and his allegations to the contrary in his response to the motion are conclusory and lacking specificity. Accordingly, the undersigned recommends that insofar as there is a conspiracy claim against Defendant Lipford, that claim should be dismissed.

### *Retaliation*

Plaintiff has, however, made out a claim for retaliation against Officer Lipford. To

establish an actionable First Amendment retaliation claim, "the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley* 532 F.3d 1270, 1276 (11th Cir. 2008) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)). The Eleventh Circuit has held that a plaintiff suffers adverse action if the defendant's alleged retaliatory conduct would likely deter a person of ordinary firmness from exercising his First Amendment rights. The plaintiff does not have to show that his own exercise of First Amendment rights has been chilled. *Bennett,* 423 F.3d at 1254.

In his Statement of Claims, Plaintiff states that Officer Lipford's actions were taken in response to Plaintiff's complaints about officer misconduct. This allegation is supported by Plaintiff's recitation of the circumstances leading up to the alleged pepper spray incident, in which he requested that Officer Lipford permit him to speak to mental health services after being improperly held in confinement. Plaintiff also alleges that Officer Lipford told him that he had caused "enough trouble over the mail incident" prior to pepper spraying him. A complaint about misconduct on the part of a correctional officer is protected speech under the First Amendment. Here, Plaintiff alleges that Officer Lipford took adverse action against him by pepper spraying him, and such an action would deter a person of ordinary firmness. Accordingly, the undersigned recommends that a retaliation claim against Officer Lipford should be permitted to go forward.

### *Damages*

Plaintiff requests $100.00 in damages for each day that he was held in confinement. Plaintiff "must demonstrate a physical injury that is more than *de minimis* in order to recover compensatory or punitive damages for mental or emotional injury suffered while in custody." *Hale v. Secretary for Dept. Of Corrections*, 345 Fed. Appx. 489, 491 (11th Cir. 2009) (*per curiam*). While Plaintiff alleges that the use of pepper spray is "very painful physically," Doc. 41, at 15, it is unclear whether he has suffered a physical injury to justify the request for compensatory damages. Accordingly, the undersigned recommends that the demand for compensatory damages be dismissed, without prejudice to Plaintiff raising the issue later in the development of the case.

Finally, Plaintiff requests that the Court award him a judgment against the Department of Corrections for failure to protect his rights. Because the Department is not a party to the lawsuit, this request is inappropriate and should be stricken.

### V. CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendants' motion to dismiss (Doc. 33) should be **GRANTED in part** and **DENIED in part.**

2. The motion to dismiss Plaintiff's claims against Defendants Peacock and Gordon should be **GRANTED**.

3. The motion to dismiss Plaintiff's conspiracy claim against Defendant Lipford should be **GRANTED.**

4. The motion to dismiss Plaintiff's claim for compensatory damages and request for a judgment against the Department of Corrections should be **GRANTED**, without prejudice to Plaintiff later raising a claim for compensatory damages if he is able to demonstrate physical injury that is not *de minimus*.

*Case No. 5:12-cv-34-RS-GRJ*

5.   The Eighth Amendment excessive force and retaliation claims against Officer Lipford should go forward.

**IN CHAMBERS** this 22nd day of March 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge



**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**